But
Strong, J.,
supposed that still he might not be admissible. He said that the circumstance of now executing a new release in Court was pretty strong presumptive evidence that the statement *57 made by the counsel for the defendants was true; and although the endorser has now no immediate apparent legal interest in the event of the suit, yet that he might, under the peculiar circumstances of this case, feel such an interest in the question that the Court ought not to admit him to testify as a witness, (a)
T. Bigelow and F. Blake for the plaintiff.
Hastings and J. Upham for the defendants.
Thacher, J.,
said that the release now executed must operate as a complete legal discharge, and both in principle and practice made him a competent witness; his credibility is entirely with the' jury.
Sedgwick, J.,
said that as to the first release, and the offer to show that it was intended to impose on the Court an appearance of disinterestedness, when #in fact it was a [ * 75 ] mere pretence, he considered the law to be settled, that the Court could not go into the investigation requested by the counsel for the defendant, and that it was now too late to inquire into the reasons on which the law as to that point had been settled. To obviate any objections which might arise to the credibility of the witness, had he been admitted under the first release, a new release is made here; this discharges all legal interest, and also all equitable claims which the endorsee might have had on the ground of any former understanding of the parties on the subject, and places the endorsee in the same situation as in the common cases of making a release in Court. He said that he should not himself give more credit to his testimony than he should have done had no release been made; but the jury are the judges of his credibility. The witness was admitted.
In this case, the counsel for the defendants offered in evidence a deposition, which had been taken under an order of this Court made al last term, by a justice appointed by the Court, who was to notify the adverse party. The plaintiff's counsel objected to its being read, because it did not appear, by the certificate of the justice, that the adverse party or his attorney was notified or present. (1) The other side offered to prove by testimony that the adverse party had had notice, and had consented to the caption of the deposition ex parte, if he should not attend at the time and place of caption.
Strong, J.,
seemed to think that the notice might be proved by testimony; but Sedgwick and Thacher, justices, were clear that it could not, and therefore the deposition was excluded.

 [If lie was not legally interested, the objection only touched h's credibility, not bis competency.—Ed.]

 See stat. 1797, c. 35.